Linda Miller, In Pro Se
P.O. Box 2231
Palmer, AK 99645
(907) 775-3039



# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

# AT ANCHORAGE

| | |
|---|---|
| LINDA A. MILLER,<br><br>        Plaintiff,<br><br>v.<br><br>OSI COLLECTION SERVICES, INC., an Alaskan corporation; THOMAS BURKE WONNELL, R. SHADDY; SHELIA CRUMP; CHRIS KOSBRUK; JOHN DOE, an individual; and Does 2 through 10 inclusive.<br><br>        Defendants. | 3:07-cv-00084 JWS<br><br>Civil Case. No._____( )<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)** |

## COMPLAINT

### I. INTRODUCTION

1.  This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3.      Plaintiff Linda A. Miller is natural person who resided in Alaska at all times material to this complaint.

4.      Defendant OSI COLLECTION SERVICES INC., also *dba OSI Alaska Financial Services*, (hereinafter referred to as "OSI") is a professional corporation doing business of collecting debts in the State of Alaska, Entity No. 37976F, having paid all of the proper taxes, is in good standing, with its principal place of business located at 2520 S. 179th St., New Berlin WI, 53151, with an Anchorage, Alaska address of: 4341 B Street #302, Anchorage, AK.

Defendant OSI is authorized to do business in this State, and is, along with its facilities, agents, servants, representatives, staff and employees, etc., are subject to service of process by and through its registered agent.

5.      The principal business of Defendant OSI is the collection of debts using the mail, telephone and small claims court. Defendant OSI regularly attempts to collect debts alleged to be due another.

*Miller v. OSI, et al* Case No. _____
Complaint
Page 2 of 12

6. Defendant SHELIA CRUMP is a natural person employed by Defendant OSI as a collector at all times relevant to this complaint.

7. Defendant R. SHADDY is a natural person employed by Defendant OSI as a collector at all times relevant to this complaint.

8. Defendant WONNELL is a natural person employed by Defendant OSI as a collector at all times relevant to this complaint.

9. Defendant KOSBRUK is a natural person employed by Defendant OSI as a collector at all times relevant to this complaint.

10. Defendant JOHN DOE whose true and correct last name is unknown employed by Defendant OSI as a collector at all times relevant to this complaint.

11. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

12. Plaintiff Linda A. Miller is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

13. The purported debt that Defendants attempted to collect from Plaintiffs was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

## IV. FACTUAL ALLEGATIONS

14. Plaintiff Linda A. Miller incurred a financial obligation to Baranof/Westmark Hotel/Holland America and Enstar that were primarily for personal, family purposes (the alleged debt).

15. Sometime thereafter, Plaintiff Linda A. Miller is informed and believes that the alleged debt was consigned, placed, sold, or otherwise transferred to Defendant OSI. Defendant OSI began collection proceedings for collection from Plaintiff Linda A. Miller.

16. On or about July 22, 2004, Plaintiff spoke to Defendants (jointly and severally) on the telephone; the latter told Plaintiff that she needed to immediately pay or her account would be "accelerated into judgment."

17. On or about November 7, 2005 Defendant R. Shaddy continued harassment. Defendants (jointly and severally) told Plaintiff Linda A. Miller that she would be sued in court and lawyer fees would be assessed if she did not immediately pay and provide full bank and credit card account information.

18. On or about February 20, 2006 Defendants Shelia Crump and OSI disseminated Plaintiff's private and personal social security number to Linda Hendrickson, unknown person, having no rightful knowledge of this information belonging to Plaintiff.

19. On or about February 20, 2006 Defendants Shelia Crump and OSI disseminate Plaintiff's private and personal social security number to multiple Westmark Hotel staff.

20. On or about February 20, 2006 Defendants Sheila Crump and OSI disseminated Plaintiff's social security number to Enstar Natural Gas Company.

21. On or about February 20, 2006 Defendants Shelia Crump and OSI disseminated Plaintiff's private and personal social security number to, " Kelly," an unknown person.

22. On or about February 20, 2006, Defendants Shelia Crump and OSI caused the Plaintiff loss of ability to resolve the alleged debt with the original creditor(s).

23. On or about February 24, 2006 Defendants Shelia Crump and OSI disseminated Plaintiff's social security number to Kathryn R. Grundhauser, unknown person, having no rightful possession of this information belonging to Plaintiff.

24. On or about February 24, 2006 Defendants Sheila Crump and OSI obtained an improper assignment from Kathryn R. Grundhauser; the assignment is invalid. Defendants used said assignment for the purposes of harassment and wrongful litigation.

25. On or about February 28, 2006 Defendants Sheila Crump and OSI disseminated Plaintiff's private and personal social security number to Theresa Sullivan, unknown person, having no rightful knowledge of this information belonging to Plaintiff.

26. On or about February 28, 2006 Defendants Sheila Crump and OSI obtained an improper assignment from Theresa Sullivan; the assignment is invalid. Defendants used said assignment for the purposes of harassment and wrongful litigation.

*Miller v. OSI, et al* Case No. _____
Complaint
Page 5 of 12

Case 3:07-cv-00084-JWS   Document 1   Filed 05/14/07   Page 5 of 12

27. On or about March 20, 2006 Defendants Shelia Crump and OSI demanded and misrepresented payment due in the amount of $1,054.54 without explanation, or, verification, calculation, or authorized amounts of alleged debt.

28. On or about May 17, 2006 Defendants Thomas Burke Wonnell and OSI filed a wrongful small claims against Plaintiff.

29. On or about May 17, 2006 Defendants served a summons in Palmer, Alaska; demanding that Plaintiff appear in the wrong venue.

30. On or about May 30, 2006 Defendant OSI was informed directly by Enstar that Plaintiff had no outstanding balance. However, Defendant Thomas Burke Wonnell and OSI continued to pursue wrongful collection attempts.

31. On or about June 8, 2006 Defendants were made fully aware that any obligation to Enstar was paid in full and therefore moot; nevertheless, Defendants continued collection actions.

32. On or about March 15, 2007 Defendant Chris Kosbruk informed Plaintiff that Sheila Crump was," in the lower 48 , and that if you want to contact Sheila Crump, you can send an e-mail to OSI in care of Chris Kosbruk and that I will forward it."

33. On or about April 2, 2007 Defendant Kosbruk, during a telephone conversation with Plaintiff, put her "on hold, because I have another call ". She did not return to the phone and Defendant Kosbruk then

Case 3:07-cv-00084-JWS   Document 1   Filed 05/14/07   Page 6 of 12

disconnected.

34. On or about June 6, 2007, Defendant Thomas Burke Wonnell was informed by Plaintiff that his civil suit was filed in the wrong venue.

35. To date, an action has been commenced against Plaintiff Linda A. Miller, who is informed and believes that Defendants had no authority to so proceed as they have filed in the wrong district/venue and therefore have no jurisdiction.

36. Plaintiff requested that Defendants send her a proof as to any payment arrangements, and verification of the alleged debt sought (i.e. the payment) and the debt incurred; Defendants did not respond to this request.

37. Defendants did not send a validation notice to Plaintiff Linda A. Miller within five days after the initial communication. FDCPA §809.

38. Defendants harassed and coerced Plaintiff Linda A. Miller in an attempt to get Plaintiff to pay off the alleged debt by demanding immediate payment and by threatening legal action that Defendants did not intend to take.

39. Defendants produced one conglomerated billing. This action is in violation of FDCPA§§ 810.

40. Defendants obtained wrongful assignment, after collection actions had fully commenced

41. Defendants have assessed unexplained charges. Assessment of extra or unknown interest is in violation of §§ 808(1)

42. Defendants have combined debts; one alleged debt which no longer exists (Enstar). Therefore, any additional monies assessed, or statutory penalties, are not calculated correctly.

43. Defendants were sent a Cease and Desist letter from Plaintiff. This letter was ignored and Defendants continue their harassment by exceeding the allowable contacts, by placing abusive and threatening phone calls to Plaintiff and by mailing continued letters This conduct is in direct violation of §§805 and 806 of the Fair Debt Collection Act.

44. Defendants misrepresented the amount of the debt that they tried to collect by stating that if Plaintiff did not pay the alleged debt it would escalate to a judgment of $1,558.90.

45. Defendants have reported this alleged debt on my credit report in direct violation of FDCPA §809(b).

46. Defendants disseminated Plaintiff's social security number without consent, authorization, or the like to various companies and individuals.

47. As a result of the acts alleged above, Plaintiffs experienced severe stress, serious anxiety, fevers, headaches, hives, sleeplessness, reduced appetite, nervousness, fear, worry, loss of happiness, loss of sleep, insomnia, nightmares, loss of appetite, sensitive stomach, loss of happiness, hypertension and severe stress.

## V. FIRST CLAIM FOR RELIEF
### (As against all Defendants for Violation of FDCPA)

48. Plaintiff repeats and realleges and incorporate by reference all of the foregoing paragraphs.

49. Defendants violated the FDCPA by the above-described actions. Defendants' violations include, but are not limited to, the following:

   (a) Defendant brought a debt collection in the wrong venue/ jurisdiction (15.U.S.C. §§1692(a)(2).

   (b) The Defendants violated 15 U.S.C. § 1692b(1) by contacting a person other than the alleged debtor and failing to identify themselves, and failing to state that they were confirming or correcting location information concerning Plaintiff Linda A. Miller ;

   (c) The Defendants violated 15 U.S.C. § 1692b(2) by communicating with persons other than Plaintiff Linda A. Miller and stating to such other persons that the Defendants were attempting to collect a debt;

   (d) The Defendants violated 15 U.S.C. § 1692b(3) by communicating with persons other than Plaintiff Linda A. Miller and contacting that person more than once;

   (e) The Defendants violated 15 U.S.C. § 1692c(b) by communicating with a third person in connection with the collection of a debt;

   (f) §§ 1692c(c)After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication.

   (g) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural `consequence of which was to harass, oppress, and abuse plaintiffs in connection with the collection of the alleged debt;

   (h) The Defendants violated 15 U.S.C. § 1692d(5) by causing the phone to ring or engaging a person in telephone conversations repeatedly with the intent to harass, oppress, and abuse the Plaintiffs in connection with the collection of the Debt;

(i) The Defendants violated 15 U.S.C. § 1692d(6) by placing telephone calls without disclosing their identity;

(j) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt; (deceptive forms, shadow letters).

(k) The Defendants violated 15 U.S.C. § 1692e(2) by giving the false impression of the character, amount or legal status of the alleged debt;

(l) The Defendants violated 15 U.S.C. §1692e(6) Sale or transfer of any interest in the debt will cause the consumer to lose any claim or defense to payment of the debt.

(m) The Defendants violated15 U.S.C. §1692e(8) Threatens or communicates false credit information, including the failure to communicate that a debt is disputed.

(n) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt and to obtain information regarding a consumer;

(o) The Defendants violated 15 U.S.C. § 1692e(11) by failing to indicate that all communications were from a debt collector;

(p) The Defendants violated 15 U.S.C. § 1692e(11) by failing to include in the first communication the following warning: "This is an attempt to collect a debt and any information obtained will be used for that purpose;"

(q) The Defendants violated 15 U.S.C. § 1692e(14) by including in a communication a name other than the true name of the Defendants' business;

(r) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt;

(s) The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law;

(t) §§ 1692f(5) Caused any charges to be made to the consumer.

(u) The Defendants violated 15 U.S.C. § 1692g(a) by failing to send Plaintiff Linda A. Miller a validation notice within five days of the initial communication;

(v) The Defendants violated 15U.S.C. §1692g(a)(l) use of shadowing letter

(w) The Defendants violated 15 U.S.C. § 1692g(a)(3) by failing to include in the

validation notice a statement that if Plaintiff Linda A. Miller does not dispute the debt within thirty days then the debt will be assumed to be valid.

(x) The Defendants violated 15 U.S.C. § 1692g(a)(4) by failing to include in the validation notice the statement required by this section;

(y) The Defendants violated 15 U.S.C. §1692g(a)(5) by failing to include in the validation notice the statement required by this section;

(z) The Defendants violated 15 U.S. C. §1692i(a)(2) Brought any legal action in a location other than where contract signed or where the consumer resides;

(aa) Defendants posted incorrect negative information on credit reports. (15 U.S.C. §§1681s-2(7);

(bb) The Defendants violated code §8b of the Collection Agency Act,425/8b by obtaining an assignment that does not comply and is not valid;

(cc) The Defendants violated code §Sec.8b. of the Collection Agency Act 8b.(a)(i) assignment without stated effective date;

(dd) The Defendants violated code §Sec8b(b). of the Collection Agency Act,425/8b(a)(ii)lack of stated consideration of assignment;

(ee) The Defendants violated code § Sec.8b.(f)(i) of the Collection Agency Act, multiple collections are to be separate counts.

## VI. JURY TRIAL DEMAND

Plaintiff hereby requests a jury trial in this matter.

## VII. RELIEF REQUESTED

As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

*Miller v. OSI, et al* Case No. _____
Complaint
Page 11 of 12

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA;

B. Actual damages pursuant to 15 U.S.C. § 1692k;

C. Statutory damages pursuant to 15 U.S.C. §1692k;

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

E. For punitive damages.

F. For such other and further relief as the Court may deem just and proper.

Respectfully submitted this 14th day of May 2007.

*(signature)*
Linda Miller

SUBSCRIBED AND SWORN TO before me this day of 14th May 2007 at Wasilla, Alaska.

*(signature)*
Notary public in and for Alaska
My Commission Expires: 1/24/09

**State of Alaska**
**NOTARY PUBLIC**
Angela Montana
My Commission Expires: 1/24/09